1 | DAVID D. LAWRENCE, State Bar No. 123039
NATHAN A. OYSTER, State Bar No. 225307
2 | LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
3 | Glendale, CA 91210-1219
Telephone No. (818) 545-1925
4 | Facsimile No. (818) 545-1937

5 | Attorneys for Defendants
CITY OF MANHATTAN BEACH,
6 | CHIEF ROD UYEDA and J. HARDWICK

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | SCOTT ALLAN TIERNEY,                ) Case No. CV 07-03760 DSF (FFMx)
                                        ) Hon. Frederick F. Mumm
12 |          Plaintiff,                 )
                                        )
13 |     vs.                            ) **[~~PROPOSED~~] PROTECTIVE
                                        ) ORDER**
14 | CITY OF MANHATTAN BEACH,           )
J. HARDWICK, ROD UYEDA, CITY           ) *[Joint Stipulation for Protective Order
15 | OF HAWTHORNE, KOSEPESIO            ) filed concurrently herewith]*
PAULOSALA, CHRISTOPHER                 )
16 | KOMATHY, DARNELL WALLACE,          ) **Discovery Cutoff: 7/8/08**
STEPHEN PORT and DOES 1 to 10,         ) **Pretrial Conf.:   9/15/08**
17 | inclusive,                         ) **Trial Date:       10/14/08**
                                        )
18 |          Defendants.               )
                                        )
19 |                                    )
                                        )
20 | _____)

21

22

23 |      Good cause appearing, and upon stipulation of the parties' JOINT

24 | STIPULATION FOR PROTECTIVE ORDER:

25 |      It is HEREBY ORDERED and APPROVED certain that the documents

26 | subject to the Protective Order ("the Confidential Material") are documents and/or

27 | recordings contained in the Manhattan Beach Police Department Internal Affairs

28 | investigation file relating to the subject incident that have not previously been

Tierney/[Proposed] Protective Order

1   disclosed as part of this litigation.  The Confidential Material shall be disclosed to

2   counsel for the parties under the following agreed terms for a protective order:

3        1.    Prior to use in this litigation, the "Confidential Material" shall be

4   stamped or otherwise marked: "Confidential Material subject to Protective Order."

5   No stencil or marking shall underlay any text, typed, printed or photographic

6   material.  The stamp shall be placed in any area of white space.

7        2.    The "Confidential Material" shall be used solely in connection with this

8   litigation in the preparation and trial of this case and not for any other purpose or in

9   any other litigation.

10        3.    The "Confidential Material" may be disclosed only to the following

11   persons:

12            a.    Counsel for any party to this action;

13            b.    Paralegal, stenographic, clerical, and secretarial personnel

14   regularly employed by counsel referred to in (a);

15            c.    Court personnel including stenographic reporters engaged in

16   proceedings as are necessarily incidental to preparation for the trial of this action,

17   including trial;

18            d.    Any outside expert or consultant retained or consulted in

19   connection with this action and not otherwise employed by either party;

20            e.    Any in-house expert designated by any party to testify at trial in

21   this matter;

22            f.    Witnesses who may have the documents disclosed to them

23   during deposition proceedings, may not leave the deposition with copies of the

24   documents, and shall be bound by the provisions of paragraph 4; and

25            g.    Parties to this litigation.

26        4.    Each person to whom disclosure is made hereunder shall, prior to the

27   time of such disclosure, be provided by the person furnishing him/her such material,

28   a copy of this order, and shall agree on the record or in writing that he/she has read

Tierney/[Proposed] Protective Order

1  the protective order and that he/she understands the provisions of the protective

2  order and agrees to be bound by the same.  This provision shall not apply to the

3  Court and/or Court personnel.

4       5.    At the conclusion of the trial and of any appeal, or upon other

5  termination of this litigation, all "Confidential Material" received in the provision of

6  this order shall be tendered back to counsel for CITY OF MANHATTAN BEACH.

7  Provisions of this order insofar as they restrict disclosure and use of the

8  "Confidential Material" shall be and remain in effect until further order of this

9  Court.

10       6.    The addresses, telephone numbers and other personal identifying

11  information of the parties, or their family members, shall not be disclosed even

12  under the terms of this protective order and such information is to be redacted before

13  any disclosure of "Confidential Material."  In the event of inadvertent disclosure,

14  immediate steps will be taken to redact that information to prevent further

15  disclosure.

16       7.    The foregoing is without prejudice to the right of any party:

17       a.    To apply to the court for a further protective order relating to any

18  confidential material, or relating to discovery in this litigation;

19       b.    To apply to the Court for an order removing the "Confidential

20  Material" designation from the document;

21       c.    To apply to the Court for an order compelling production of

22  documents or modification of this order or for any order permitting disclosure of

23  "Confidential Material" beyond the terms of this order.

24       8.    Any party who wishes to file a document that reveals "Confidential

25  Material" shall do so under seal in compliance with Central District Local Rule 79-

26  5.1.  None of the confidential material may be used in Court without prior

27  permission from the Court.  This provision shall not apply to evidence presented at

28  open court proceedings and/or trial, and any protective measures relating to

3

Tierney/[Proposed] Protective Order

1  confidential information at such proceedings shall be addressed with the judicial

2  officer conducting the particular proceeding at the appropriate time.

3       9.    The persons bound by this agreement agree to subject themselves to the

4  jurisdiction of the above-captioned federal court for purposes of the enforcement of

5  this agreement and further understand that violation of the Court Order may subject

6  the violator to the contempt power of the federal court and any other remedies

7  available to the aggrieved parties.

8       10.    This Order shall not be construed to limit the rights of third parties

9  involved in other actions to conduct discovery or to limit the subpoena power of

10  another court, absent a motion for a protective order in such other proceedings.

11       APPROVED AND SO ORDERED:

12

13

14  DATED:  July 18, 2008        / S /FREDERICK F. MUMM
                                      _____

15                                      Hon. Frederick F. Mumm
                                    Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4