UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-3760 DSF (FFMx) | Date | 12/8/08 |
|---|---|---|---|
| Title | Scott Allan Tierney v. City of Manhattan Beach, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (In Chambers) Order DENYING In Part Plaintiff's Motion To Exclude Defense Retained Expert Witnesses Joe Callanan and Ron McCarthy As Having No Admissible Opinions, Or, In The Alternative, Motion *In Limine* For A Pretrial Hearing Re Admissibility Of Their Purported "Expert" Opinions (Docket No. 65.)

## I.  FACTS

Tierney alleges various causes of action against police officers and their municipal employers stemming from an incident allegedly involving excessive force.  A video camera recorded the events at issue.

The City of Manhattan Beach and Manhattan Beach Police Services Officer John Hardwick (collectively "Manhattan Beach Defendants") have designated Ron McCarthy as their expert witness.  (Mot. Ex. A at 1.)  The City of Hawthorne and Hawthorne jailer Kosepesio Paulosala (collectively "Hawthorne Defendants") have designated Joe Callanan as their expert witness.  (Id. at 18.)  Both McCarthy and Callanan offer their opinions as to the events recorded on the videotape.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The party seeking admission of expert testimony bears the burden of establishing its admissibility. Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 & n.10 (1993). "Preliminary questions concerning the qualification of a person to be a[n expert] witness . . . or the admissibility of evidence shall be determined by the court." Fed. R. Evid. 104(a). "[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589; see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-49 (1999) (extending Daubert's gatekeeping obligation to all expert testimony). "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004). In addition, Federal Rule of Evidence 403 permits exclusion of expert testimony if its probative value is substantially outweighed by the danger of misleading the jury. See Fed. R. Evid. 403; Daubert, 509 U.S. at 595.

## III.  DISCUSSION

### A.  Federal Rule of Evidence 702

The use of expert testimony is permitted - but not required - in assisting the jury in evaluating claims of excessive force. Jennings v. Jones, 499 F.3d 2, 15 (1st Cir. 2007). "Courts have permitted experts to testify about discrete police-practice issues [such as excessive force] when those experts are properly credentialed and their testimony assists the trier of fact." Champion v. Outlook Nashville, Inc., 380 F.3d 893, 908 (6th Cir. 2004). A district court has considerable discretion in admitting or excluding such testimony. Id. at 909.

### 1.  Manhattan Beach Defendants' Expert Witness Ron McCarthy

The Court finds that McCarthy has the requisite qualifications to be an expert witness on excessive force. McCarthy was a police officer and field supervisor for more than 24 years with the Los Angeles Police Department. (Mot. Ex. A at 1.) He instructed police academy recruits and officers on self-defense, use of force, and responding to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

under-the-influence subjects.  (Id.)  McCarthy has also reviewed police departments' use of force practices.  (Id. at 5-8.)

The jury will view the video recording and other evidence and determine what actually happened.  The issue is whether a police use of force expert's opinion regarding the events will help the jury understand the events, and the officers' actions or reactions. The Court finds that an expert can assist the jury in this case.

This is not to say that McCarthy's opinions are unassailable.  One of the key opinions that McCarthy will offer at trial is the following: "When Hardwick is forced to try and hold [Tierney] in the proper position [for the booking photograph to be taken], it appears clear that [Tierney] resisted that effort and deliberately turned toward Hardwick. Any well-trained officer would view this resistance and sudden movement on the part of the suspect as a threat to his or her safety."  (Id. at 3.)  The facts on which McCarthy bases his opinion are not settled.

The jury will decide whether Tierney's action objectively posed a threat to Hardwick's safety.  If the jury finds that Tierney's action constituted an objectively threatening movement, then McCarthy's opinion will help the jury determine whether excessive force was used.  It is up to Tierney to attack the factual bases for McCarthy's opinions in cross-examination.  The factual basis of an expert opinion goes to the credibility of the testimony, not its admissibility.

Therefore, the Court finds McCarthy to be a qualified expert witness with admissible opinions on excessive force.

### 2.  Hawthorne Defendants' Expert Witness Joe Callanan

The Court finds that Callanan has the requisite qualifications to be an expert witness on excessive force.  Callanan was a deputy sheriff in the Los Angeles County Sheriff's Department for 22 years (id. at 36) and has diverse law enforcement experiences, including training several hundred law enforcement agencies and lecturing on officer safety and use of force (id. at 40).

One of the key opinions Callanan will offer at trial is the following: Hardwick "can be seen approaching [Tierney] and physically touching the plaintiff in an attempt to cause the plaintiff to stand still and face the ceiling mounted camera.  The approach and physical contact by the officer does not appear to be an unreasonable or excessive application of force.  However, the video recording clearly depicts plaintiff Tierney instantly reacting by turning to face and engage the officer."  (Id. at 28.)  As with McCarthy's opinion, the facts on which Callanan bases his opinion are not settled.  The jury will decide the ultimate facts.  The expert testimony will help the jury determine whether Hardwick's touching Tierney was an unreasonable use of force.   As noted, the factual bases of an expert opinion go to the credibility of the testimony and not the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

admissibility.

Therefore, the Court finds Callanan to be a qualified expert witness with admissible opinions on excessive force.

## B.  Federal Rule of Evidence 403

Federal Rule of Evidence 403 states that "[a]lthough relevant, evidence, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or misleading the jury . . . ."  Tierney argues that McCarthy and Callanan's testimony should be excluded because of the risk of unfair prejudice from the possibility that "[j]urors may feel they have to defer, based solely on the notion that . . . an expert has a better grasp of what is being viewed on the video recording than ordinary citizens." (Mot. 11-12.)

Tierney's concerns are valid given that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it.  Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses."  Daubert, 509 U.S. at 595.

However, the United States Supreme Court has also noted that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Id. at 596.  Given these trial tools, the Court finds that the danger of unfair prejudice does not outweigh the probative value of McCarthy and Callanan's testimony. Tierney will have ample opportunity at trial to vigorously cross-examine McCarthy and Callanan as to the factual bases of their opinions as well as their analysis of the video recording.  In addition, the Court will provide a limiting instruction to clarify the nature of the expertise.

## IV.  CONCLUSION

For these reasons, and as limited during the hearing on this motion, the Court DENIES Tierney's Motion to Exclude Defense Retained Expert Witnesses Joe Callanan and Ron McCarthy.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL